# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| WILLIE NORMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:10-CV-168-TLS |
| ELKHART POLICE DEPARTMENT, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Willie Norman, a prisoner confined at the Indiana State Prison who is proceeding *pro se* in this matter, filed a complaint in the St. Joseph Superior Court, pursuant to 42 U.S.C. § 1983,[1] alleging that the Elkhart Police Department, Detective Conway, and John Doe police officers violated his rights under the United States Constitution's Fourth Amendment when they arrested him at his church without a warrant on March 28, 2007.

## SCREENING STANDARD

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A(a), a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

---

[1] The Complaint does not refer to 42 U.S.C. § 1983. However, a review of the Complaint, especially the section entitled "Cause of Action," reveals that his claim is that the Defendants (a city police department, a detective, and an officer) violated his civil and constitutional rights (namely, his Fourth Amendment right to be free from illegal seizure) by arresting him without an arrest warrant and at his church where they had no jurisdiction. Consequently, the Court construes the Plaintiff's claim to be brought pursuant to Section 1983, which provides a cause of action to redress the violation of federally secured rights by persons acting under color of state law.

entity." Pursuant to 28 U.S.C. § 1915A, a court must dismiss a prisoner complaint (or any portion of it) if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Because the Plaintiff is a prisoner as defined in 28 U.S.C. § 1915A(c) and the Defendants from whom he seeks redress are a government entity and employees of a government entity, the Court must screen his Complaint pursuant to 28 U.S.C. § 1915A, even though he originally filed it in state court and the case was removed to this Court by the Defendants.

Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the following standard regarding the factual allegations that are required to survive dismissal for failure to state a claim:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). A court must accept as true all well-pleaded facts and draw all permissible inferences in

the plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, a court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

## COMPLAINT ALLEGATIONS

The Plaintiff, a resident of Elkhart County, alleges that on March 28, 2007, he was attending a church service in St. Joseph County and that the Defendants entered the church, arrested him, and "took [the] Plaintiff straight to [the] Elkhart County Jail, without contacting the St. Joseph police Department and without an arrest warrant." (Compl. 2, DE 1.) He alleges that the Defendants' actions "were in violation to the Plaintiff's civil rights and his Constitutional right to be free from illegal seizure [arrest] as defined in the fourth amendment to the United

3

States Constitution." (Compl. 3, DE 1.) The Plaintiff's signature is affixed to the Complaint, and it was witnessed by a notary public, with a date of March 16, 2010. The Complaint was filed in the St. Joseph Superior Court on March 18, 2010.

## DISCUSSION

Section 1983 does not have its own statute of limitations for actions, and consequently the personal injury statute of limitations of the state in which the alleged injury occurred applies. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); *Brademas v. Ind. Hous. Fin. Auth.*, 354 F.3d 681, 685 (7th Cir. 2004); *see also Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts.")). Under Indiana law, the statute of limitations for personal injury actions is two years. Ind. Code § 34-11-2-4; *see also Behavioral Inst. of Ind., LLC*, 406 F.3d 926, 929 (7th Cir. 2005) (stating that "Indiana's personal injury statute of limitations is two years"). Although the statute of limitations is an affirmative defense that a plaintiff is not required to negate in his complaint, a plaintiff may plead "himself out of court" if "he pleads facts that show his suit is time-barred or otherwise without merit." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

The clerk of the St. Joseph Superior Court received the Plaintiff's Complaint on March 18, 2010, and the Plaintiff signed his complaint on March 16, 2010. Even if the Court applied the

4

"mailbox" rule, which deems a prisoner's submission filed on the date he delivers it to prison authorities for forwarding to the court, *see Houston v. Lack*, 487 U.S. 266 (1988), the Plaintiff failed to institute this action within the two-year statutory period. The violations alleged in the Complaint occurred in March of 2007, but he did not file this action until March of 2010. Consequently, the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

For the foregoing reasons, the Court DISMISSES the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b).

SO ORDERED on May 17, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION